United States District Court
Southern District of Texas
**ENTERED**
September 10, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　　　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| David Enie,<br>　　Petitioner,<br><br>v.<br><br>William Barr,<br>U.S. Attorney General, et al.,<br>　　Respondent. | §<br>§<br>§<br>§　Civil Action H-19-00768<br>§<br>§<br>§<br>§ |

## Memorandum and Recommendation

David Enie filed his petition for writ of habeas corpus on March 1, 2019, seeking release from Department of Homeland Security ("DHS") custody under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (D.E. 1.)

On August 6, 2019, Enie was released from DHS custody and removed from the United States. (D.E. 27-1 at 2.) Although he was in "custody" for purposes of 28 U.S.C. § 2241 when he filed his petition, his removal renders his petition moot. *See Sosa v. United States*, 504 F. App'x 353, 353–54 (5th Cir. 2013) (unpublished).

To the extent that Enie seeks relief from the order of deportation, this court lacks subject matter jurisdiction to consider such relief because 8 U.S.C. § 1252(a)(5), "divested federal courts of jurisdiction over § 2241 petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005). Therefore, this court recommends that Enie's petition be dismissed.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 10, 2019.

Peter Bray
United States Magistrate Judge